**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave., Suite 610
Silver Spring, MD 20910

     *Plaintiff,*

v.

U.S. DEPARTMENT OF THE INTERIOR
1849 C St. NW,
Washington, DC 20240

     *Defendant.*

CIVIL ACTION NO. 26-cv-1611

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Department of the Interior ("DOI") to disclose records that PEER requested pursuant to FOIA that are now over two months overdue for a determination of whether to comply with the request and the reasons therefore. DOI has neither made a final determination nor produced any records responsive to this request.

2. On February 25, 2026, PEER submitted three FOIA requests for information and communications from DOI regarding the funding of Freedom 250 and other related matters. This matter is urgent, given the approaching celebration in July of this year of the 250th anniversary of the founding of our nation and public interest in these events. To date, Defendant has failed to make a final determination on any of PEER's FOIA requests and has failed to disclose any of the requested records within the time stipulated under FOIA.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5.  This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6.  This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

7.  Plaintiff is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland.

8.  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. Therefore, PEER has an institutional investment in the conduct of DOI, how its congressionally appropriated funding is used, including tasks DOI employees are assigned to or diverted from. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

9.  Defendant DOI is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

10. DOI is charged with the duty to provide public access to records in its possession consistent

with the requirements of FOIA. The failure of DOI to provide PEER with the records requested and its failure to make a final determination on PEER's FOIA request within twenty working days are violations of FOIA.

## STATEMENT OF FACTS

11. On February 25, 2026, PEER submitted three FOIA requests to the Department of the Interior. Specifically, PEER submitted identical requests to the National Park Service (NPS) ("NPS Request"), a bureau of DOI, the DOI Office of the Secretary (DOI OS)("OS Request"), and the DOI Office of the Solicitor (DOI SOL)("SOL Request"). These requests sought records for the time frame January 20, 2025 through the date the search is initiated and included request-specific lists of potential custodians at NPS, DOI OS, and DOI SOL.

12. More specifically, the FOIA request submitted to NPS sought the following documents:

   a. Documents reflecting the request (referenced by Jeff Reinbold in the above-referenced congressional testimony) made by the National Park Service (or Department of the Interior) to the NPF [National Park Foundation], along with any subsequent agreements or memoranda of understanding (MOU), to hold Semiquincentennial funds.

   b. All MOUs, agreements, or similar documents between NPF or any subsidiary (including Freedom250 or Freedom250 LLC) and the NPS or DOI governing the acceptance or administration of money or other activities related to Semiquincentennial activities, including Freedom250 or Freedom250 LLC.

   c. All documents reflecting requests made by NPS (or Department of the Interior) to NPF in relation to Freedom250 or Freedom250 LLC, the National Garden of American Heroes, White House renovations, the proposed Freedom250 Grand Prix,

or the proposed Independence Arch.

d.  All internal donor vetting requests, including those sent to the Office of the

Solicitor, for potential donors to Freedom250 or Freedom250 LLC.

e.  Documents sufficient to demonstrate all changes made to NPS donations policy

(generally Director's Order 21 and implementing policy) since January 20, 2025.

f.  The grant agreement for Federal Agreement Identification Number P26AC00101

from NPS to NPF for "A250 Events" and documents related to the decision to issue

such grant to the NPF

([https://www.usaspending.gov/award/ASST_NON_P26AC00101_014](https://www.usaspending.gov/award/ASST_NON_P26AC00101_014)).

g.  All communications (including emails, letters, etc.) between any representative or

employee of Freedom250 or Freedom250 LLC (including, but not limited to, Keith

Krach, Meredith O'Rourke, Danielle Alvarez, Rachel Gerli, and Danielle Madda) and

any employee of the NPS, including any attachments or exhibits to such

communications.

    …

13. The FOIA request submitted to DOI OS sought the following documents:

a.  Documents reflecting the request (referenced by Jeff Reinbold in the above-

referenced congressional testimony) made by the National Park Service (or

Department of the Interior) to the NPF, along with any subsequent agreements or

memoranda of understanding (MOU), to hold Semiquincentennial funds.

b.  All MOUs, agreements, or similar documents between NPF or any subsidiary

(including Freedom250 or Freedom250 LLC) and the NPS or DOI governing the

acceptance or administration of money or other activities related to Semiquincentennial activities, including Freedom250 or Freedom250 LLC.

c.  All documents reflecting requests made by NPS (or Department of the Interior) to NPF in relation to Freedom250 or Freedom250 LLC, the National Garden of American Heroes, White House renovations, the proposed Freedom250 Grand Prix, or the proposed Independence Arch.

d.  All internal donor vetting requests, including those sent to the Office of the Solicitor, for potential donors to Freedom250 or Freedom250 LLC.

e.  Documents sufficient to demonstrate all changes made to NPS donations policy (generally Director's Order 21 and implementing policy) since January 20, 2025.

f.  The grant agreement for Federal Agreement Identification Number P26AC00101 from NPS to NPF for "A250 Events" and documents related to the decision to issue such grant to the NPF (https://www.usaspending.gov/award/ASST_NON_P26AC00101_014).

g.  All communications (including emails, letters, etc.) between any representative or employee of Freedom250 or Freedom250 LLC (including, but not limited to, Keith Krach, Meredith O'Rourke, Danielle Alvarez, Rachel Gerli, and Danielle Madda) and any employee of the Office of the Secretary, including any attachments or exhibits to such communications.

    …

14.  The FOIA request submitted to DOI SOL sought the following documents:

a.  Documents reflecting the request (referenced by Jeff Reinbold in the above-referenced congressional testimony) made by the National Park Service (or

Department of the Interior) to the NPF, along with any subsequent agreements or memoranda of understanding (MOU), to hold Semiquincentennial funds.

b.  All MOUs, agreements, or similar documents between NPF or any subsidiary (including Freedom250 or Freedom250 LLC) and the NPS or DOI governing the acceptance or administration of money or other activities related to Semiquincentennial activities, including Freedom250.

c.  All documents reflecting requests made by NPS (or Department of the Interior) to NPF in relation to Freedom250 or Freedom250 LLC, the National Garden of American Heroes, White House renovations, the proposed Freedom250 Grand Prix, or the proposed Independence Arch.

d.  All internal donor vetting requests, including those sent to the Office of the Solicitor, for potential donors to Freedom250 or Freedom250 LLC.

e.  Documents sufficient to demonstrate all changes made to NPS donations policy (generally Director's Order 21 and implementing policy) since January 20, 2025.

f.  The grant agreement for Federal Agreement Identification Number P26AC00101 from NPS to NPF for "A250 Events" and documents related to the decision to issue such grant to the NPF

(https://www.usaspending.gov/award/ASST_NON_P26AC00101_014).

g.  All communications (including emails, letters, etc.) between any representative or employee of Freedom250 or Freedom250 LLC (including, but not limited to, Keith Krach, Meredith O'Rourke, Danielle Alvarez, Rachel Gerli, and Danielle Madda) and any employee of the Office of the Solicitor, including any attachments or exhibits to such communications.

…

15. To date, PEER has not received one page of production from DOI OS, DOI SOL, or NPS.

**1.  Request to DOI Office of the Secretary (OS Request) – FOIA No. 2026-004181.**

16. On March 9, 2026, the DOI Office of the Secretary, via email and letter of acknowledgment from the DOI OS Government Information Specialist to PEER, acknowledged receipt of the request and assigned the request tracking number DOI-2026-004181.

17. The letter of acknowledgement granted PEER's fee waiver request and placed the request on the "Complex" processing request. DOI OS stated that such requests generally take "twenty-one to sixty workdays to process." DOI OS also took a "10-workday extension" pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 43 C.F.R. 2.19.

18. On March 26, 2026, PEER sent an email to DOI OS, asking for an update regarding production of records, and stating that we are amenable to rolling production.

19. On May 1, PEER sent a follow-up email to DOI OS (after receiving no response to the March 26, 2026 email) asking the agency to confirm whether it will provide interim production, and, if so, to share a schedule. On May 11, 2026, PEER received a response from DOI OS, stating it anticipated an initial release in June.

20. To date, PEER has not received a final determination or any records related to this request.

**2.   Request to DOI Office of the Solicitor (SOL Request) – FOIA No. 2026-004180**

21. On March 5, 2026, the DOI Office of the Solicitor sent an email and letter of acknowledgment to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2026-004180.

22. The letter of acknowledgement, signed by the DOI SOL FOIA Officer, <u>did not address</u> PEER's fee waiver request. DOI SOL classified PEER as an "other" requester. PEER has asked for

clarification on our fee waiver request and has not received a clear response to date. DOI SOL also placed the request on the "Extraordinary" track for processing our request. DOI SOL stated that such requests generally take "more than sixty workdays to process." DOI SOL also stated that there is "1 request pending ahead of yours in this processing track."

23. On March 26, 2026, PEER received an email from DOI SOL, stating they will begin their review and "make partial productions in order to get a response to you as soon as we can." On April 30, 2026, DOI SOL stated that the search had been completed and they had begun their review. DOI SOL stated there "are over 1,600 potentially responsive documents, so we will certainly do rolling releases as we proceed through our review."

24. On May 1, PEER sent a follow-up email to DOI SOL asking the agency to share an estimated date for providing a first rolling production, and a clear answer on PEER's fee waiver request.

25. To date, PEER has not received a final determination or any records related to this request.

### 3. Request to National Park Service (NPS Request) – FOIA No. 2026-004178

26. On March 5, 2026, the National Park Service, through an NPS Records and Information Management Specialist, sent an email and letter of acknowledgment to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2026-004178.

27. The letter of acknowledgement did not address PEER's fee waiver request, because NPS stated "[a]t this time, we do not foresee a billable fee for the processing of this request and there is no need for us to address your request for a fee waiver." NPS stated that PEER's request falls into the "Complex" processing track, and that there are 53 requests before ours. NPS also stated "[a]s yet, we have been unable to make a determination on your request. We apologize for this delay."

28. On April 28, 2026, PEER sent an email to NPS FOIA staff, asking for an update and an

estimate of initial production. On April 29, 2026, NPS FOIA staff responded that "we have not reached a final decision on whether responsive material is exempt from release." NPS also stated that there are 37 requests in the "complex" queue ahead of PEER's request. NPS estimated starting to make a rolling production around August 3, 2026, and also identified approximately 9,000 pages as potentially responsive to our request. NPS said they expected to invoke Exemption 5 and Exemption 6, and added "We apologize for this delay in completing our decision."

29. To date, PEER has not received a final determination or any records related to this request.

## CAUSE OF ACTION

30. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

31. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

32. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

33. Twenty working days from PEER's requests was March 25, 2026.

34. NPS's expected date of completing this FOIA request, August 3, 2026, is well past the

timeframe permissible under FOIA. Neither DOI SOL or DOI OS has provided an estimate of a date when they would first produce documents.

35. As of the date of this filing, PEER has not received a final determination on its FOIA request and neither NPS, DOI SOL, or DOI OS has made the records "promptly available." NPS and DOI's response to the FOIA request described above is now overdue for a final determination and "prompt" release of the records.

36. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA request described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

37. Defendant's conduct amounts to a denial of PEER's FOIA request. NPS and DOI are frustrating PEER's efforts to adequately understand NPS and DOI's policy regarding the funding of the America 250 celebration this summer, and the potentially improper or illegal role of Freedom 250 and its funding structure. Because these celebrations are due to occur in July of this year, NPS and DOI's failure to abide by FOIA's requirements is particularly obstructive to the purposes of FOIA.

38. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring DOI and NPS to immediately make a determination and produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

39. Defendant's failure to make a final determination on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv.  Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on May 11, 2026,

/s/ Colleen Zimmerman
Colleen Zimmerman, DC Bar #90003410
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
202-464-2293
301-580-4020
czimmerman@peer.org
pdinerstein@peer.org

Attorney for Plaintiff