**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave., Suite 610 Silver Spring, MD 20910 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR 1849 C St. NW, Washington, DC 20240 <br><br> *Defendant.* | Civil Action No. 1:26-cv-01611-RDM <br><br> **RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME** |

### <u>RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND</u>

1. Plaintiff was compelled to bring this action to require DOI to disclose records because of the urgent public interest in transparency regarding the currently opaque funding mechanisms the administration is using to fund Freedom 250, a private LLC that displaced the role of the congressionally created, bipartisan America 250 commission. We stated in our May 11, 2026 complaint that "[t]his matter is urgent, given the approaching celebration in July of this year of the 250th anniversary of the founding of our nation and public interest in these events."

2.  To date, DOI has neither made a final determination nor produced any records responsive to this request.

3. On June 1, 2026, DOJ AUSA Zack Linsey requested plaintiff's consent to a 30-day extension for their response to our complaint, which would extend the deadline from June 12 to July 12.

4. Despite our articulated need for an urgent response to our records request, in a June 2, 2026 email we stated we would consent to a two-week extension.

5. Although AUSA Zack Linsey stated in a June 3, 2026 email to plaintiff that "I don't think this will slow down the actual FOIA response," we have received zero communication from DOI since we filed our suit and still have no estimated date for any initial production.

6. Because of the urgency of the public interest to obtain information regarding potentially unlawful diversion of DOI resources and personnel to serve the needs of a private LLC and the PEER's attempt to lawfully obtain such information through FOIA, we strongly disagree with the statement in the defendant's motion that "No party will be materially prejudiced by the extension requested."  Every day that we fail to get any documents in response to our reasonable, urgent request we are prejudiced.

7. Despite the above, plaintiff remains amenable to a two-week extension of time to respond, which we believe is eminently reasonable in this matter.

Respectfully submitted on June 9, 2026,

_/s/ Paula Dinerstein_
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
202-265-7337
pdinerstein@peer.org

_Attorney for Plaintiff_