UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIROMENTAL RESPONSIBLITY,

           Plaintiff,

     v.

U.S. DEPARTMENT OF THE INTERIOR,

           Defendant.

Civil Action No. 26-1611

## ANSWER

Defendant U.S. Department of the Interior, (the "Department" or "Defendant") by and through undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayers for relief in the Complaint as follows:

## PRELIMINARY STATEMENT[1]

1.      The allegations in this paragraph consist of Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under

---

[1]      For ease of reference, Defendant refers to Plaintiff's headings and titles unless noted otherwise in the Answer, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

the FOIA, 5 U.S.C. § 552, *et seq.,* and that, as of this, Defendant has not made a final determination on the request.

2. Defendant admits that Plaintiff made three requests under FOIA dated February 25, 2026, and respectfully refers the court to the requests for a complete and accurate statement of their contents. Defendant further admits that it has not made a final determination on the FOIA requests to date. The remainder of this paragraph sets forth legal conclusions and Plaintiff's characterization of the importance of its requests, to which no response is required.

## JURISDICTION AND VENUE

3. This paragraph sets forth Plaintiff's legal conclusions regarding jurisdiction to which no response is required. To the extent any response is required, Defendant admits that jurisdiction is proper in this Court subject to the terms and limitations of FOIA.

4. This paragraph sets forth Plaintiff's legal conclusions regarding the relief requested to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

5. This paragraph sets forth Plaintiff's legal conclusion regarding venue to which no response is required. To the extent any response is required, Defendants admit that venue is proper in this district for actions brought pursuant to FOIA.

6. This paragraph asserts a legal conclusion to which no response is required.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Defendant admits that it is an agency of the United States. The remaining allegations assert a conclusion of law to which no response is required.

10.     Defendant admits that it is subject to the FOIA. The remaining allegations assert a conclusion of law to which no response is required.

## STATEMENT OF FACTS

11.     Defendant admits that Plaintiff made three requests under FOIA dated February 25, 2026, and respectfully refers the court to the requests for a complete and accurate statement of their contents and denies any allegation inconsistent with the content of the requests.

12.     Defendant admits that Plaintiff made three requests under FOIA dated February 25, 2026, and respectfully refers the court to the requests for a complete and accurate statement of their contents and denies any allegation inconsistent with the content of the requests.

13.     Defendant admits that Plaintiff made three requests under FOIA dated February 25, 2026, and respectfully refers the court to the requests for a complete and accurate statement of their contents and denies any allegation inconsistent with the content of the requests.

14.     Defendant admits that Plaintiff made three requests under FOIA dated February 25, 2026, and respectfully refers the court to the requests for a complete and accurate statement of their contents and denies any allegation inconsistent with the content of the requests.

15.     Admit.

**Request to DOI Office of the Secretary (OS Request) – FOIA No. 2026-004181**

16.     Defendant avers an automatic response was sent to Plaintiff on February 25, 2026, assigning the request the tracking number DOI-2026-004181. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents.  Defendant admits that an acknowledgement letter was sent to the Plaintiff on March 9, 2026, Defendant respectfully

refers the Court to that letter for a complete and accurate statement of its contents and denies any allegation inconsistent with the content of the letter.

17.     Defendant admits that an acknowledgement letter was sent to the Plaintiff on March 9, 2026, Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegation inconsistent with the content of the letter.

18.     Defendant admits that Plaintiff sent an email requesting a status update on the request on March 26, 2026. Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents.

19.     Defendant avers that on April 28, 2026, plaintiff asked for a status update, and DOI OS provided that update on May 6, 2026.  Defendant admits that on May 1, 2026, Plaintiff sent a follow-up email to DOI OS, which Defendant did not directly respond to.  Defendant denies that on May 11, 2026, PEER received a response from DOI OS.  Defendant respectfully refers the Court to these emails for a complete and accurate statement of their contents.

20.     Defendant admits that it has not made a final determination on the FOIA request to date or produced records.

**Request to DOI Office of the Solicitor (SOL Request) – FOIA No. 2026-004180**

21.     Defendant avers an automatic response was sent to Plaintiff on February 25, 2026, assigning the request the tracking number DOI-2026-004180. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents.  Defendant admits that an acknowledgement letter was sent to the Plaintiff on March 5, 2026, Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegation inconsistent with the content of the letter.

22.     Defendant admits that an acknowledgement letter was sent to the Plaintiff on March 5, 2026. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegation inconsistent with the content of the letter.

23.     Defendant admits that the Office of the Solicitor sent emails providing status updates on March 26, 2026, and April 30, 2026.  Defendant respectfully refers the Court to those emails for a complete and accurate statement of their contents.

24.     Defendant admits that Plaintiff sent an email requesting a status update on the request on May 1, 2026. Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents.

25.     Defendant admits that it has not made a final determination on the FOIA request to date or produced records.

### Request to National Park Service (NPS Request) – FOIA No. 2026-004178

26.     Defendant avers an automatic response was sent to Plaintiff on February 25, 2026, assigning the request the tracking number DOI-2026-004178. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents.  Defendant denies that an acknowledgement letter was sent to the Plaintiff on March 5, 2026.  Defendant avers that an acknowledgement letter was sent to the Plaintiff on April 3, 2026, Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegation inconsistent with the content of the letter.

27.     Defendant denies that an acknowledgement letter was sent to the Plaintiff on March 5, 2026.  Defendant avers that an acknowledgement letter was sent to the Plaintiff on April 3, 2026, Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegation inconsistent with the content of the letter.

28.     Defendant admits that Plaintiff sent an email requesting a status update on the request on April 28, 2026. Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents.  Defendant admits that the National Park Service sent an email providing a status update on April 29, 2026.

29.     Defendant admits that it has not made a final determination on the FOIA request to date or produced records.

**CAUSE OF ACTION**

30.     Defendant incorporates by reference its responses to the preceding paragraphs.

31.     The first sentence of this paragraph asserts a legal conclusion to which no response is required. The second sentence in this paragraph consists of Plaintiff's characterization of a federal register citation, to which Defendant respectfully refers this Court to for a complete and accurate statement of its contents.

32.     The allegations in this paragraph consist of Plaintiff's characterization of the FOIA, to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the cited provisions of FOIA for a complete and accurate statement of their contents.

33.     Defendant admits twenty working days from Plaintiff's request was March 25, 2026.

34.     The first sentence of this paragraph contains legal conclusions, to which no response is required.  Defendant admits the second sentence of this paragraph.

35.     In response to the allegations in the first sentence of this paragraph, Defendant admits that it has not transmitted a final determination to PEER regarding the FOIA request to date

and denies the remainder of the first sentence of the paragraph. The allegations in the second sentence of this paragraph set forth a legal conclusion to which no response is required.

36.     The allegations in this paragraph assert legal conclusions to which no response is required.

37.     This paragraph sets forth Plaintiff's legal conclusions to which no response is required. Further, To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

38.     This paragraph sets forth Plaintiff's legal conclusions to which no response is required.

39.     This paragraph sets forth Plaintiff's legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

## RELIEF REQUESTED

This paragraph, including subparagraphs i-v, consists of Plaintiff's requests for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly imposed upon Plaintiff.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**SECOND DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

**THIRD DEFENSE**

Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. §552, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**FOURTH DEFENSE**

The FOIA request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or would be unduly burdensome to process.

**FIFTH DEFENSE**

Plaintiff is not eligible for or entitled to attorneys' fees or costs.

**SIXTH DEFENSE**

FOIA does not provide for declaratory relief against a federal agency.

**<u>SEVENTH DEFENSE</u>**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Dated:  June 26, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/      *Zachariah Lindsey*
ZACHARIAH LINDSEY, DC BAR #1766679
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, N.W.
Washington, DC 20530
(202) 445-3658
Zachariah.Lindsey@usdoj.gov

*Attorneys for the United States of America*