UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIROMENTAL RESPONSIBLITY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | Civil Action No. 26-1611 |

# JOINT STATUS REPORT

Pursuant to the Court's August 4, 2026, Minute Order, Defendant U.S. Department of the Interior, (the "Department" or "Defendant") and Plaintiff Public Employees For Environmental Responsibility ("Plaintiff" or "PEER"), respectfully submit this joint status report to update the Court on the parties' progress in this Freedom of Information Act ("FOIA") matter.

## Defendant's Position

This action concerns three FOIA requests: (1) a request to DOI Office of the Secretary (OS Request), FOIA No. 2026-004181, (2) a request to National Park Service (NPS Request), FOIA No. 2026-004178, (3) a request to DOI Office of the Solicitor (SOL Request), FOIA No. 2026-004180. Plaintiff filed its Complaint on May 11, 2026, ECF No. 1, and Defendant filed its Answer on June 26, 2026, ECF No. 8.

The Department issued its final response to the three FOIA requests on October 2, 2026, producing 1,444 pages in total along with an accompanying draft *Vaughn*.

The Department has not yet had the opportunity to respond to Plaintiff's below concerns about the production, which they received on October 16, 2026, and understand from a videoconference call on October 15, 2026, that Plaintiff intends to follow up with a more detailed

email. The Department will review that email and prepare a timely response. As a preliminary matter, the Department notes that each FOIA response, each of which was sent to separate components of the DOI, follow the standard bates numbering format for their respective Departmental component.

Further, Plaintiff raised concerns that the Department administratively closed the FOIA requests at issue following issuing the final response. The Department notes that this was because of the requests' change of status, now that final responses have been issued. The Department stands ready to reconsider exemptions and address Plaintiff's concerns in the context of this litigation.

Defendant proposes filing a further Joint Status Report in approximately sixty days, on or before December 15, 2026, in order to ensure that plaintiff's specific concerns can be thoroughly considered and addressed in the interim.

**<u>Position of the Plaintiff</u>**

**Request to DOI Office of the Secretary (OS Request) – FOIA No. 2026-004181**

**Request to DOI Office of the Solicitor (SOL Request) – FOIA No. 2026-004180**

**Request to National Park Service (NPS Request) – FOIA No. 2026-004178**

The Plaintiff believes that numerous deficiencies in the Defendant's production and Vaughn Index must be addressed by Defendant as soon as possible, and mean that the closure of these FOIA requests was premature. PEER has received confirmation that the above numbered FOIA requests have been closed by the agency. (Email dated October 5, 2026, from DOI FOIA Office, to Aaron Lloyd, stating "the status of your OS FOIA request #DOI-2026-004181 has been updated to the following status 'Closed'."; Email dated October 5, 2026, from DOI FOIA Office, to Aaron Lloyd, stating "the status of your SOL FOIA request #DOI-2026-004180 has been updated to the following status 'Closed'."; Email dated October 5, 2026, from DOI FOIA Office, to Aaron Lloyd,

stating "The status of your NPS FOIA request #DOI-2026-004178 has been updated to the following status 'Closed'.") Plaintiff asks that the requests be reopened, the suspect exemptions be reexamined, and any non-exempt documents or portions of documents be promptly released.

Defense counsel Zack Lindsey informed Plaintiff's counsel Paula Dinerstein and Aaron Lloyd that the "draft Vaughn" Index produced is the agencies' final response during an October 15, 2026 Teams conference and subsequent email exchange. Plaintiff's counsel also identified several issues with both the current draft Vaughn index and Defendant's document production and the redactions at the October 15th conference. Primary among these concerns is that the current "draft Vaughn" index does not satisfy the Agency's burden of proof to justify its withholdings under either Exemption 5 or Exemption 6. The Agency's use of boilerplate language in the "draft Vaughn" Index to support its withholdings under Exemption 5 and Exemption 6 fails to include the detailed explanation required for particularized application of one or more exemptions to each withholding. The "draft Vaughn" Index also fails to address the segregability requirement; Defendant must identify and release non-exempt information that may be contained within a larger wholesale redaction of a document.

For example, when the agency cites Exemption 5, Deliberative Process Privilege, as a basis for withholding, DOI merely provides boilerplate language outlining the deliberative process privilege standard and foreseeable harm standard. The explanations lack the particularity and concreteness necessary to meet the Agency's burden of proof to justify withholding. Given the lack of explanation and detail in Defendant's references to Exemption 5, it appears likely that all, or at least some portions of, the documents were improperly withheld. For example, overly broad applications of Exemption 5 may improperly exclude factual material that does not reveal the deliberative process.

Plaintiff also objects to the Defendant's unsupported use of the Presidential Communications privilege. The "draft Vaughn" Index does little to substantiate the privilege and the context of released information around withholdings does little to help.

As a final general matter, Plaintiff objects to the non-sequential Bates numbering format Defendant has used in large parts of their production. A non-sequential numbering system makes it difficult to review and raise objections to particular sections of the production.

In summary, given the concerns explained above, at appears that all, or some portions of, the documents were improperly withheld under the claimed exemptions, the Presidential Communications privilege, or other asserted privileges, or at a minimum the withholdings have not been adequately justified to support withholding. Plaintiff asks that the requests be reopened, the suspect exemptions be reexamined, and any non-exempt documents or portions of documents be promptly released, and that Defendant promptly revise their Vaughn Index with an explanation for each withholding, not boilerplate language. The parties will work together to resolve these issues if possible, and if it is not possible, will proceed to summary judgment briefing.

Plaintiffs request that the next status report be filed in 30 days, or November 16, 2026, and every 30 days thereafter.

Dated: October 16, 2026

Respectfully submitted

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah W. Lindsey*
ZACHARIAH W. LINDSEY
Assistant United States Attorney
601 D Street, NW

Washington, DC 20530
(202) 445-3658
Zachariah.Lindsey@usdoj.gov

Counsel for Defendant

*/s/_ Paula Dinerstein_*______
Paula Dinerstein
D.C. Bar No. 333971
Public Employees for Environmental
Responsibility
962 Wayne Ave., No. 610
Silver Spring, MD 20910
202-265-7337
pdinerstein@peer.org

*Attorneys for Plaintiff Public Employees for Environmental Responsibility (PEER)*